UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD STANLEY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 6:17-CR-45-REW-HAI<br><br>ORDER |

*** *** *** ***

After conducting a final hearing, *see* DE 205 (Minute Entry), United States Magistrate Judge Hanly A. Ingram recommended that the undersigned: (1) adjudge Defendant Stanley guilty of Violations #1 and 2 of the October 19, 2026 Supervised Release Violation Report (centered on Stanley's unlawful possession of a controlled substance and his commission of a drug crime); (2) revoke Defendant Stanley's supervised release; and (3) impose a new term of federal imprisonment of fourteen (14) months with no further supervision to follow. *See* DE *id.* at 2. Judge Ingram expressly informed Defendant of his right to object to the recommendation and to secure de novo review from the undersigned. *See id.* The established, seven-day objection deadline has passed, and no party has objected. Defendant has waived his right to appear before the undersigned. *See* DE 207 (Waiver).

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right

to raise this issue on appeal'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

Judge Ingram expertly addressed the matter. The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 205;
    a. The Court adjudges Defendant Stanley guilty of Violations #1 and 2 of the October 19, 2026 Supervised Release Violation Report;
    b. The Court revokes Defendant Stanley's supervised release; and
    c. The Court imposes a new term of federal imprisonment of fourteen (14) months, with no further supervision to follow.
2. In light of Stanley's Waiver (*see* DE 207), and this adoption, the Court **CANCELS** the allocution hearing, currently set for November 19, 2026.
3. The Court will issue a separate Judgment.

This the 17th day of November, 2026.

**Signed By:**
***Robert E. Wier*** REW
**United States District Judge**